PREET BHARARA
United States Attorney for the
Southern District of New York
By: STEPHEN CHA-KIM
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York 10007
Tel: (212) 637-2768
Fax: (212) 637-2702
Email: stephen.cha-kim@usdoj.gov

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION, <br><br> Plaintiff, <br><br> v. <br><br> DEPARTMENT OF HEALTH AND HUMAN SERVICES and CENTERS FOR MEDICARE & MEDICAID SERVICES, <br><br> Defendants. | 16 Civ. 3854 (KPF) <br><br> ANSWER |

Defendants Department of Health and Human Services ("DHS") and Centers for Medicare & Medicaid Services ("CMS") (collectively, "Defendants"), by and through their attorney, Preet Bharara, United States Attorney for the Southern District of New York, answer the complaint on information and belief as follows:

1. The allegations in paragraph 1 of the complaint constitute Plaintiff's characterization of this action, to which no response is required. To the extent a response is deemed required, admit and aver that Plaintiff's underlying Freedom of Information Act ("FOIA") action seeks information related to reproductive health care to pregnant woman not just at Catholic hospitals, but all federally-funded hospitals in the United States; and, deny

knowledge or information sufficient to form a belief as to the truth or falsity of what the referenced "complaints" describe.[1]

2. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning the prevalence of Catholic hospitals and the number of hospital beds adhering to "Catholic restrictions on care." The remaining allegations in paragraph 2 are a characterization of certain directives issued by the U.S. Conference of Catholic Bishops; Defendants respectfully refer the Court to those directives for a true and complete statement of their contents.

3. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 3.

4. Paragraph 4 consists of conclusions of law, to which no response is required.

5. Paragraph 5 consists of conclusions of law, to which no response is required, except admits that CMS has issued standards known as Conditions of Participation.

6. Deny the allegations contained in Paragraph 6.

7. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 7.

8. Deny the allegations contained in the first sentence of Paragraph 8, except admit that Plaintiff submitted a request to CMS dated November 5, 2014, and respectfully refer the Court to the November 5, 2014 request for a true and complete statement of its contents. Deny the allegations in the second sentence, except admit and aver that CMS produced 139 pages of

---

[1] For the sake of simplicity, Defendants provide a collective response to each paragraph in the Complaint. Consequently, Defendants admit or deny an allegation when one or more of them has knowledge or information sufficient to form a belief as to that allegation. Such a response does not mean that both Defendants necessarily have such knowledge or information. Where Defendants deny knowledge or information sufficient to form a belief as to an allegation, it means that neither of them has such knowledge or information.

documents to Plaintiff pursuant to the November 5, 2014 FOIA request, and withheld an additional 11 pages in full and portions of 4 pages pursuant to FOIA exemptions 5 and 6, 5 U.S.C. §§ 552(b)(5) & (b)(6), and admit that Plaintiff filed an administrative appeal. Deny that Plaintiff has received no response to its appeal, and aver that Defendants have provided Plaintiff with additional documents in response to its appeal.

9. Paragraph 9 consists of legal conclusions, to which no response is required; to the extent a response is deemed required, deny the allegations, except admit that the FOIA request was submitted to CMS in November 2014.

10. Paragraph 10 consists of Plaintiff's request for relief in this case, to which no response is required; to the extent a response is deemed required, deny that Plaintiff is entitled to the requested relief.

11. Paragraph 11 consists of a statement of jurisdiction, to which no response is required; to the extent a response is deemed required, admit the allegations contained in Paragraph 11.

12. Paragraph 12 consists of a statement of venue, to which no response is required; to the extent a response is deemed required, admit the allegations contained in Paragraph 12.

13. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 13, except admit that the ACLU filed multiple FOIA requests.

14. Admit the allegations contained in the first sentence of Paragraph 14. The second sentence of Paragraph 14 consists of a legal conclusion, to which no response is required.

15. Paragraph 15 consists of a legal conclusion, to which no response is required; to the extent a response is deemed required, aver that CMS is part of DHS and deny the remaining allegation contained in Paragraph 15.

16. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 16.

17. Admit the allegations contained in Paragraph 17 except deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegation concerning "adherence to the Directives."

18. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 18.

19. Admit the allegations contained in Paragraph 19.

20. Admit the allegations contained in Paragraph 20.

21. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 21.

22. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 22.

23. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 23.

24. Deny the allegations contained in Paragraph 24, except admit that Plaintiff filed a FOIA request with CMS on November 5, 2014 and respectfully refer the Court to that request for a true and complete statement of its contents.

25. Admit the allegations contained in Paragraph 25; respectfully refer the Court to the CMS response for a true and complete statement of its contents.

26. Admit the allegations contained in Paragraph 26, except deny that Plaintiff's requests were made with any degree of specificity and aver that the request, as worded, was overly broad and unduly burdensome.

27. Admit that Plaintiff submitted an appeal dated October 8, 2015; Defendants respectfully refer the Court to that appeal for a true and complete statement of its contents.

28. Deny the allegations contained in Paragraph 28.

29. Paragraph 29 consists of legal conclusions, to which no response is required; to the extent a response is deemed required, deny the allegations contained in Paragraph 29.

30. Deny the allegations contained in Paragraph 30.

31. Paragraph 31 consists of conclusions of law, to which no response is required.

32. Paragraph 32 consists of conclusions of law, to which no response is required.

33. Paragraph 33 consists of conclusions of law, to which no response is required.

34. Paragraph 34 consists of Plaintiff's characterization of its action, to which no response is required.

35. Admit that Plaintiff requested a waiver or reduction of fees; the remainder of Paragraph 35 consists of a quotation of a federal statute and a federal regulation; Defendants respectfully refer the Court to that statute and that regulation for a true and complete statement of their contents.

36. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 36.

37. Paragraph 37 consists of legal conclusions, to which no response is required; to the extent a response is deemed required, deny the allegations contained in Paragraph 37.

38. Paragraph 38 consists of legal conclusions, to which no response is required; to the extent a response is deemed required, deny the allegations contained in Paragraph 38.

39. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 39.

40. Paragraph 40 consists of a statement of incorporation, to which no response is required; to the extent a response is deemed required, Defendants incorporate all of their responses to Paragraphs 1-39.

41. Paragraph 41 consists of legal conclusions, to which no response is required; to the extent a response is deemed required, deny the allegations contained in Paragraph 41.

42. Paragraph 42 consists of legal conclusions, to which no response is required; to the extent a response is deemed required, deny the allegations contained in Paragraph 42.

43. Paragraph 43 consists of legal conclusions, to which no response is required; to the extent a response is deemed required, deny the allegations contained in Paragraph 43.

The paragraph and subparagraphs beginning "WHEREFORE" constitute Plaintiff's prayer for relief, to which no response is required. To the extent a response is required, deny that Plaintiff is entitled to the relief sought or any relief.

## DEFENSES

Any allegations not specifically admitted, denied, or otherwise answered are hereby denied. For further defenses, Defendant alleges as follows:

### First Defense

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

**Second Defense**

Defendants have not improperly withheld information within the meaning of FOIA.

**Third Defense**

Plaintiff's FOIA request is overly broad and unduly burdensome.

**Fourth Defense**

Defendants have exercised due diligence in processing Plaintiff's FOIA requests and exceptional circumstances exist that necessitate additional time for Defendants to continue their processing of the FOIA requests. *See* 5 U.S.C. § 552(a)(6)(C).

**Fifth Defense**

Some or all of the requested documents, or portions thereof, are exempt from disclosure. *See* 5 U.S.C. § 552(b).

**Sixth Defense**

Plaintiff has failed to exhaust administrative remedies with respect to one or more of its claims, and the Court lacks subject matter jurisdiction over Plaintiff's claims to the extent Plaintiff has failed to exhaust administrative remedies.

**Seventh Defense**

One or more of Plaintiff's claims are moot.

**Eighth Defense**

Plaintiff is not entitled to a waiver of fees under 5 U.S.C. § 552(a)(4)(A)(iii).

**Ninth Defense**

Plaintiff is not entitled to expedited processing under § 552(a)(6)(E).

**Tenth Defense**

The Court lacks subject matter jurisdiction over Plaintiff's requests for relief to the extent that they exceed the relief authorized under FOIA. *See* 5 U.S.C. § 552.

Defendants may have additional defenses which are not known at this time but which may become known through further proceedings. Accordingly, Defendants reserve the right to assert each and every affirmative or other defense that may be available, including any defenses available pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure.

**<u>CONCLUSION</u>**

WHEREFORE, Defendants request judgment dismissing the complaint and granting such other and further relief as this Court deems appropriate, including costs and disbursements.

Dated: New York, New York
July 21, 2016

> Respectfully submitted,
>
> PREET BHARARA
> United States Attorney for the
> Southern District of New York
> *Attorney for Defendants*
>
> By: /s/ Stephen Cha-Kim
> STEPHEN CHA-KIM
> Assistant United States Attorney
> 86 Chambers Street, Third Floor
> New York, NY 10007
> T. (212) 637-2768
> F. (212) 637-2702
> stephen.cha-kim@usdoj.gov